UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAIKOL POTES-TRUJILLO (A-Number: 249-067-482),

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY,

Respondent.

Case No. 1:26-cv-6576-DC-JDP

ORDER; FINDINGS AND RECOMMENDATIONS

Petitioner Maikol Potes-Trujillo, a citizen of Colombia, appearing in pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241, claiming that his immigration detention without a bond hearing violates due process. For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

**Background**

Petitioner, a citizen of Colombia, entered the United States without permission and was encountered by Border Patrol on April 7, 2024. ECF No. 6-1 at 2. Although initially processed for expedited removal, petitioner claimed a credible fear of return and was referred for asylum pre-screening. *Id.* An asylum pre-screening officer found a credible fear of return. *Id.* Immigration authorities issued petitioner a notice to appear and released him into the United States on May 2, 2024, with a date to appear in immigration court. *Id.* at 4. Petitioner indicates

that he had a pending credible fear court hearing pending in 2028 prior to his arrest by ICE. ECF No. 1 at 6.

On July 18, 2026, ICE encountered petitioner while it was conducting "routine at-large immigration enforcement" in Florida. ECF No. 6-1 at 2. Florida highway patrol pulled over a truck in which petitioner was a passenger because he was working as a helper for a moving company. *Id.*; ECF No. 1 at 6. The highway patrol officer contacted ICE to run checks on the truck's occupants, and after ICE determined that petitioner had not lawfully entered the United States, he was detained. ECF No. 6-1 at 2. ICE ran petitioner's fingerprints, which did "not indicate any derogatory information." *Id.* Prior to his detention, petitioner was not provided with a pre-deprivation hearing, and he has been detained since that date without a bond hearing. ECF No. 1 at 6-7.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner was re-detained by immigration authorities on July 18, 2026, and has been held in immigration custody since then without having received a bond hearing. ECF No. 1 at 6-7. Border Patrol previously released petitioner into the United States in 2024. ECF No. 1 at 6; ECF No. 6-1 at 2. Petitioner claims that his re-detention without a bond hearing violates due process.[1]

---

[1] Petitioner's pro se filing is entitled to liberal construction. *See Estelle v. Gamble*, 429

ECF No. 1 at 6. Respondent asserts that it detained petitioner pursuant to 8 U.S.C. § 1225(b)(1) because it initially placed petitioner in expedited removal proceedings. ECF No. 6 at 1. Respondent concedes that the court has rejected similar arguments in prior cases, citing *Villamizar v. Warden, Cal. City Immigr. Processing Ctr.*, No. 1:26-cv-4361-DC-CKD, 2026 WL 2071176 (E.D. Cal. July 17, 2026), *report and recommendations adopted*, 2026 WL 2255350, at *1 (E.D. Cal. Aug. 5, 2026), where the court granted relief on procedural due process grounds. *Id.* Respondent otherwise fails to address petitioner's due process argument or acknowledge that immigration authorities previously released petitioner into the United States.[2] *Id.*

Courts analyze procedural due process claims in two steps: first, we consider whether there exists a protected liberty interest under the Due Process Clause, and, second, we evaluate what procedures are necessary to ensure that any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). I consider each in turn.

Courts in this Circuit have repeatedly found that noncitizens released from immigration custody acquire a liberty interest in their continued release. *See, e.g.*, *Labrador-Prato v. Noem*, 818 F. Supp. 3d 1113, 1120 (E.D. Cal. Dec. 2, 2025); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

---

U.S. 97, 106 (1976); *see also Charan S. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-3017-TLN-JDP, 2026 WL 1144158, at *1 n.1 (E.D. Cal. Apr. 28, 2026) (applying liberal construction to pro se immigration habeas filing). I also note that petitioner filed a motion for appointment of counsel. ECF No. 2. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." *See* Rule 8(c), Fed. R. Governing § 2254 Cases. I do not find that the interests of justice require appointment of counsel at the present time. Petitioner's motion to appoint counsel is therefore denied.

[2] Respondent also fails to address the recent Court of Appeals decision in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026) and its impact here. The Court of Appeals held that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Because the mandate has yet to be issued, the court takes advisory notice of this ruling. *See* Fed. R. App. Pro. 41. This holding accords with five other Courts of Appeals. *See Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258, 1262 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1246 (10th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. July 30, 2026).

Petitioner is no different. Immigration authorities released him into the United States in April 2024. ECF No. 6-1 at 2, 4. Petitioner lived in the United States for over two years prior to his re-detention on July 18, 2026. *Id.* at 2. There is no evidence that he violated the terms of any conditional release or committed any crimes in the United States. Petitioner's initial release and time out of custody have created a substantial constitutionally protected liberty interest in continued release. *See Guillermo M. R. v. Kaiser*, No. 25-cv-5436-RFL, 2025 WL 1983677, at *4 (N.D. Cal. July 17, 2025) (recognizing that "the liberty interest that arises upon release [from immigration detention] is *inherent* in the Due Process Clause"); *Ortega v. Kaiser*, No. 25-cv-5259-JST, 2025 WL 1771438, at *3 (N.D. Cal. June 26, 2025) (collecting cases finding released noncitizens to have strong liberty interests); *see also Capote v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-3168-JLT-EPG, 2026 WL 1415306, *2 (E.D. Cal. May 20, 2026) (granting writ of habeas corpus where petitioner had been previously paroled into the United States pursuant to the Cuban Humanitarian Parole program).

Accordingly, I must next determine what procedural protections the government should have afforded petitioner before depriving him of that liberty interest. This requires balancing the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *See Hernandez v. Sessions*, 872 F.3d 976, 993 (9th Cir. 2017) (applying *Mathews* factors in immigration detention context). The *Mathews* test requires courts to consider:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335.

First, petitioner has a significant private interest in his continued release. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. Petitioner acquired a private interest in continued release during almost two years of release in the

United States. *See Noori v. LaRose*, No. 25-cv-1824-GPC-MSB, 2025 WL 2800149, at *10 (S.D. Cal. Oct. 1, 2025) ("Petitioner has a private interest in remaining free, which developed over the year he resided in the United States.").

Second, a pre-deprivation bond hearing in immigration court would have addressed that interest, and the risk of erroneous deprivation without a bond hearing is high. Prior to releasing petitioner into the United States, respondent necessarily determined that he presented neither a danger to the community nor a risk of flight. *See Pinchi*, 792 F. Supp. 3d at 1034 (explaining that a petitioner's "release from ICE custody after her initial apprehension reflected a determination by the government that she was neither a flight risk nor a danger to the community"). Absent a pre-deprivation bond hearing in front of a neutral arbiter, the risk of erroneous deprivation is high given the possibility that petitioner's re-detention will not be pursuant to a valid state interest. *See Omer G.G. v. Kaiser*, No. 1:25-cv-1471-KES-SAB, 2025 WL 3254999, at *7 (E.D. Cal. Nov. 22, 2025) ("Civil immigration detention, which is 'nonpunitive in purpose and effect[,]' is justified when a noncitizen presents a risk of flight or danger to the community.") (quoting *Zadvydas*, 533 U.S. at 690).

"Where, as here, '[the petitioner] has not received any bond or custody . . . hearing,' 'the risk of an erroneous deprivation [of liberty] is high' because neither the government nor [the petitioner] has had an opportunity to determine whether there is any valid basis for her detention." *Pinchi*, 792 F. Supp. 3d at 1035 (quoting *Singh v. Andrews*, No. 1:25-cv-0801, 2025 WL 1918679, at *7 (E.D. Cal. July 11, 2025)). Respondent offers no evidence or argument indicating that any procedural safeguards have been employed following petitioner's re-detention; more generally, they give the court no reason to believe that any efforts have been made to prevent erroneous deprivation of petitioner's liberty. *See id*. On the contrary, the fact that the government maintains that petitioner is subject to mandatory detention and has denied him a bond hearing indicates that it has not made sufficient efforts to prevent an erroneous deprivation of his liberty. *See* ECF No. 6 at 1. Accordingly, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *See A.E. v. Andrews*, No. 1:25-cv-0107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025), *report and recommendation adopted*, 2025

WL 1808676 (E.D. Cal. July 1, 2025).

"Third, the Government's interest in detaining Petitioner without . . . a hearing is 'low.'" *Salazar v. Casey*, No. 25-cv-2784-JLS, 2025 WL 3063629, at *5 (S.D. Cal. Nov. 3, 2025) (citation omitted). Indeed, respondent has provided no information about the additional burden that would fall on it as a result of being required to provide a bond hearing. *See* ECF No. 6. "In immigration court, custody hearings are routine and impose a 'minimal' cost." *Carballo v. Andrews*, No. 1:25-cv-0978-KES-EPG, 2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025) (quoting *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025)).

Accordingly, a consideration of the *Mathews* factors demonstrates that petitioner's re-detention without a bond hearing violates his due process rights. Given this finding, I must determine the appropriate remedy. Petitioner seeks immediate release. ECF No. 1 at 7. While acknowledging that the court has rejected its arguments in similar cases, respondent does not address the issue of relief. ECF No. 6 at 1.

The Supreme Court has recognized that "[h]abeas is at its core a remedy for unlawful executive detention," and the "typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure *release* from unlawful detention."). To satisfy due process, "the Court usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original). In some circumstances, however, the Court has held that a post-deprivation hearing satisfies due process, such as where there is "the necessity of quick action by the State or the impracticality of providing any predeprivation process." *Id*. at 128 (cleaned up). Where a petitioner is entitled to a pre-deprivation hearing, courts have found that "[t]he appropriate relief . . . is their immediate release from custody, and to be provided with relief returning them to status quo ante, i.e., the last uncontested status which preceded the pending controversy." *Cardin Alvarez v. Rivas*, No. 25-cv-2943-PHX-GMS, 2025 WL 2898389, at *21 (D. Ariz. Oct. 7, 2025), *report and recommendation adopted in part, rejected in part on other grounds*, 2025 WL 2899092 (D. Ariz. Oct. 10, 2025).

Here, petitioner was working as a helper with a moving company when the truck in which he was a passenger was pulled over as part of routine immigration enforcement. ECF No. 1 at 6; ECF No. 6-1 at 2A records check showed no "derogatory information" concerning petition. *Id.* Accordingly, there was no "necessity of quick action" by ICE such that petitioner could not have been provided a pre-deprivation hearing. *See Zinermon*, 494 U.S. at 128. Moreover, respondent do not argue that petitioner is a danger or a flight risk. *See* ECF No. 6.

Under these circumstances, I find that the "typical remedy" of release, *see Munaf*, 553 U.S. at 693, is appropriate because the government has not provided a lawful justification for re-detaining petitioner without a pre-deprivation hearing. Petitioner's due process rights have been violated such that the appropriate relief is immediate release from custody, thereby returning him to the "status quo ante." *See Cardin Alvarez*, 2025 WL 2898389, at *21.

**Conclusion**

Accordingly, petitioner's motion for appointment of counsel, ECF No. 2, is hereby DENIED.

Further, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondent be ordered to immediately release petitioner (A-Number: 249-067-482) from its custody on the same conditions as his prior release. Respondent shall not impose any additional restrictions on petitioner, unless that is determined to be necessary at a future pre-deprivation hearing. If the government seeks to re-detain petitioner, it must provide no less than seven days' notice to petitioner and must hold a constitutionally compliant pre-deprivation bond hearing before a neutral arbiter at which the government bears the burden of proving flight risk or danger by clear and convincing evidence. This order does not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

3. The Clerk of Court be directed to serve California City Detention Facility and the assigned Assistant United States Attorney with a copy of this order.

4. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned “Objections to Magistrate Judge’s Findings and Recommendations,” and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court’s order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 4, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE